CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 21 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LINDA RAYNOR, | ) |
| Plaintiff, | ) Civil Action No. 5:06CV00125 |
| v. | ) MEMORANDUM OPINION |
| GREAT EASTERN RESORTS MANAGEMENT, INC. | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff, Linda Raynor, proceeding pro se, brings this action against defendant, Great Eastern Resorts Management, Inc. Liberally construed, Raynor's one paragraph complaint alleges that she is "having trouble with [her] left heel" and because "the problem is work related... insurance and workman's comp should pay." She seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The court grants her motion to proceed in forma pauperis but dismisses her complaint without prejudice for failing to allege a sustainable basis of jurisdiction and for failure to state a claim upon which relief can be granted.

"The plaintiff seeking relief in federal court bears the burden of alleging and proving the facts conferring jurisdiction." Gambelli v. United States, 904 F. Supp. 494, 496 (E.D. Va. 1995) (citing Sligh v. Doe, 596 F.2d 1169, 1170 (4th Cir. 1979)). Yet, there is no hint in Raynor's complaint of a federal claim for relief or a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) which requires diversity of citizenship and more than $75,000 in controversy.[1] Pursuant

---

[1] Raynor has not demonstrated that diversity of citizenship exists in this case. Under 28 U.S.C. § 1332(a), complete diversity of citizenship is required. Complete diversity is lacking if any plaintiff is from the same state as any defendant. It is clear to the court based upon prior proceedings that Raynor is a Virginia resident. It also appears that Great Eastern Resorts Management, Inc. is a Virginia corporation with its principal place of business in Virginia. Therefore, it appears that complete diversity is lacking, and that unless Raynor is raising a federal claim for relief (a right to recovery founded directly on federal law), she may only maintain this action in state court.

to 28 U.S.C. § 1915(e)(2)(B) the court may "at any time" dismiss an in forma pauperis action if the action "fails to state a claim on which relief may be granted." Accordingly, the Court will dismiss Raynor's complaint without prejudice for failing to state a claim for relief that is subject to federal court jurisdiction.

**ENTER**: This December 21, 2006.

UNITED STATES DISTRICT COURT